IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>JOHN COLUNGA-GUTIERREZ,<br><br>Defendant. | ORDER<br><br>AND<br><br>MEMORANDUM DECISION<br><br>Case No. 2:11-CR-109-TC |

Defendant John Colunga-Gutierrez has been charged with knowing and intentional possession of methamphetamine with intent to distribute. He moves to suppress evidence seized during a Utah Highway Patrol trooper's January 12, 2011 stop of his car. He contends that the stop was illegal because the officer did not have reasonable suspicion to pull him over, so all evidence seized as a result of the stop should be suppressed as fruit of the poisonous tree.

The court holds that the stop was justified by the trooper's reasonable suspicion that the car had faulty equipment, in violation of Utah state law. Accordingly, Mr. Colunga-Gutierrez's Motion to Suppress is DENIED.

## FINDINGS OF FACT[1]

On January 12, 2011, Defendant John Colunga-Gutierrez was driving on Interstate-15

---

[1] The facts are taken from the testimony and evidence admitted during the March 31, 2011 evidentiary hearing on Mr. Colunga-Gutierrez's motion to suppress. (See Mar. 31, 2011 Tr. of Evidentiary Hr'g on Def's Mot. Suppress (Docket No. 50) ("Tr.").)

when Utah Highway Patrol Trooper John Sheets pulled him over. Trooper Sheets cited Mr. Colunga-Gutierrez for driving a car with faulty equipment, in violation of Utah Code § 41-6A-1601.

Mr. Colunga-Gutierrez was driving a 2001 Honda Civic sedan with an "aftermarket spoiler"[2] installed on the trunk. The spoiler had a brake light in the middle, but the plastic red lens cover of that light was broken. The clear string of bulbs on the spoiler was also partly broken. (See Tr. 14; Def.'s Ex. A). The Honda had a third rear brake light in bottom of the back window, but that light was obscured by the spoiler (i.e., the spoiler was located on the same horizontal plane as the rear brake light). (Tr. 16; Def.'s Ex. A.)

Trooper Sheets stopped Mr. Colunga-Gutierrez during daylight hours, so no light was emanating from the rear lights when Trooper Sheets spotted the car.[3] But according to Trooper Sheets, because the light bulbs were clear, he knew that when they lit up no red or amber light would emanate from the spoiler's brake light. (Tr. 14.)

Mr. Colunga-Gutierrez challenges Trooper Sheets' credibility. Trooper Sheets positively testified that he "observed [that] a vehicle traveling northbound on I-15, had a broken brake light lens. . . . I could see the clear lights, and that's a violation too." (Tr. 5, 13.) Mr. Colunga-

---

[2]An "aftermarket spoiler" is an accessory attached to the back of a car after the car has been sold by the manufacturer. A spoiler is a raised metal bar traditionally installed on the back of the car to improve the aerodynamics of the car, particularly a sports or race car. (See Def.'s Ex. A.)

[3]After Trooper Sheets turned on his overhead flashing emergency lights, Mr. Colunga-Gutierrez put on his brakes to pull over. At that point Trooper Sheets confirmed that the brake light on the spoiler was broken (that is, the clear bulbs did not light up and no red light emanated from the spoiler). The court agrees with Mr. Colunga-Gutierrez that what Trooper Sheets observed after he turned on his emergency flashing lights is not relevant to the issue of whether Trooper Sheets had reasonable suspicion at the time he initiated the stop.

2

Gutierrez asserts that the lighting and overcast conditions depicted in the video of the stop (see Def.'s Ex. 1) made it difficult, if not impossible, to observe clear light bulbs from Trooper Sheets' vantage point. The video is not sufficiently in focus to allow the court to conclusively state that Trooper Sheets could not have seen what he testified to. Moreover, the record does not contain any testimony about Trooper Sheets' alleged inability to see the lights on the spoiler, and so his testimony on that issue is unchallenged. The court finds Trooper Sheets' testimony credible.

## CONCLUSIONS OF LAW

"A traffic stop is valid under the Fourth Amendment if there is a reasonable suspicion that the motorist violated a traffic or equipment regulation." United States v. Wilkinson, 633 F.3d 938, 941 (10th Cir. 2011). "Reasonable suspicion is defined as [a] 'particularized and objective basis for suspecting the particular person stopped of criminal activity.'" United States v. Guerrero, 472 F.3d 784, 787 (10th Cir. 2007) (quoting United States v. Cortez, 449 U.S. 411, 417-18 (1981)). The court looks to Utah law to determine whether Trooper Sheets had a valid legal reason to stop Mr. Colunga-Gutierrez.

A mistake of law by an officer may render a stop objectively unreasonable. United States v. Rosvall, 651 F. Supp. 2d 1274, 1276 (D. Utah 2009). Mr. Colunga-Gutierrez contends that Trooper Sheets stopped him based on an invalid reading of the law. He says "it is not illegal to have a broken lens cover and it is not illegal to have inoperable lights in a spoiler that is a supplemental stop lamp." (Def.'s Mem. Supp. Mot. Suppress (Docket No. 62) at 4-5.) The court disagrees.

Mr. Colunga-Gutierrez violated the Utah traffic code. The spoiler obscured the third

3

brake light and so it was required to have a functional brake light. Consequently, the broken spoiler light would not have displayed a red or amber color when the brakes were used so it was not functional.

**Utah Traffic Code**

Trooper Sheets stopped Mr. Colunga-Gutierrez for violating Utah Code section 41-6a-1601, which prohibits a person from operating or moving a car on a highway if the car is not equipped "with lamps and other equipment in proper condition and adjustment as required in this chapter." Utah Code Ann. § 41-6a-1601(1)(a)(ii) (2010).[4] Utah Code requires that "[e]ach ... supplemental stop lamp ... required under this part shall comply with the requirements and limitations established under Section 41-6a-1601."[5] § 41-6a-1604(4)(a) (emphasis added).

On Mr. Colunga-Gutierrez's car, the spoiler brake light was a "supplemental stop lamp" required under Part 6a of Title 41 of the Utah Code. The 2001 model car was required to have three visible operating brake lights, including a "high mounted stop lamp." 49 C.F.R. § 571.108 Nt. S5.1.1.27(a) (incorporated by reference in the Utah Traffic Code by Utah Code Ann. § 41-6a-1601(2)(c)). Because the spoiler obstructed the view of the third brake light, it was required to work as a surrogate for the obscured brake light in the lower portion of the back window.[6] 49

---

[4]Utah's Traffic Code is contained in Utah's Motor Vehicle Act, see Utah Code Title 41 Part 6a, which dictates the equipment requirements for cars such as the one driven by Mr. Colunga-Gutierrez. The Traffic Code, in addition to its own articulated standards, incorporates portions of federal regulations dictating manufacturing standards for passenger cars.

[5]The phrase "requirements and limitations" in that section refers to federal standards incorporated into the statute, including "49 C.F.R. 571 Standard 108 related to lights and illuminating devices." § 41-6a-1601(2)(c).

[6]Mr. Colunga-Gutierrez correctly notes that not all spoilers are required to have stop lamps. But because the spoiler on Mr. Colunga-Gutierrez's car obstructed the third brake light, it

C.F.R. § 571.108 Nts. S5.1.1.27(a)(2), S5.3.2(c), S5.3.2.2 (2010) (the spoiler needs to be equipped "with an additional lamp or device of the same type which meet[s] all applicable requirements of this standard, including S.5.3.2.").

Under Utah law, except for turn signals, hazard warning lights and back-up lights, "<u>all stop lamps or other lamps and reflectors mounted on the rear of a vehicle shall display or reflect a red color</u>." § 41a-61-1604(2)(b)(i). If it cannot display a red light, it is not in proper condition. The red lens cover on Mr. Colunga-Gutierrez's spoiler was broken off, so the spoiler brake light did not comply with Utah law.

**United States v. Rosvall**

Mr. Colunga-Gutierrez unpersuasively relies on <u>United States v. Rosvall</u>, 651 F. Supp. 2d 1274 (D. Utah 2009), to support his position that Trooper Sheets' alleged mistake of the law made the stop constitutionally unreasonable. <u>Rosvall</u> is distinguishable.

In <u>Rosvall</u>, at 8 o'clock in the evening in early March (when it was dark outside), Mr. Rosvall was sitting in a Ford Explorer waiting at a traffic light. An officer was also waiting in traffic behind the Explorer. The officer noticed that "'the left taillight on the [Explorer] had a piece of tape, red tape, over it, and that the taillight was broken.' The tape was 'similar to the color of the lens' and was 'illuminated.'" 651 F. Supp. 2d at 1275 (internal citations omitted).

There is an important factual difference between <u>Rosvall</u> and the case here. In <u>Rosvall</u>, although the taillight lens was broken, the missing red lens cover had been replaced (or "fixed") by red tape placed over the otherwise exposed area. Although, as Mr. Colunga-Gutierrez points

---

did need a stop lamp.

5

out, the Rosvall court did not find any "language [in applicable Utah law] that would immediately bar a taillight from being broken," 651 F. Supp. 2d at 1277, the court also noted that Utah law requires all stop lamps to display or reflect a red color. Id. The taillight in the Rosvall case did display red light because it was covered with red tape. Indeed, the Rosvall court emphasized that there was "no evidence in the record that the taillight displayed or reflected any white light or other color of light besides red" and so the court found that the vehicle complied with the law. Id. Here, the clear light bulbs in the spoiler were not covered with anything, and that is a violation of Utah Traffic Code. Accordingly, Trooper Sheets was not mistaken in his reading of the law and the stop was objectively reasonable.

## ORDER

For the foregoing reasons, Defendant John Colunga-Gutierrez's Motion to Suppress (Docket No. 39) is DENIED.

DATED this 17th day of May, 2011.

BY THE COURT:

*Tena Campbell*
TENA CAMPBELL
U.S. District Court Judge